**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

**CASE NO.: 2:26-cv-00261-ALM-EPD**

JONPAUL MARCEL NADEAU,

                Plaintiff,

v.

GIRI DEVANUR, REVENUE FLOW LLC,
and REALPHA TECH CORP.,

                Defendant.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff JONPAUL MARCEL NADEAU by and through his undersigned counsel, brings this Complaint against Defendants GIRI DEVANUR, REVENUE FLOW LLC, and REALPHA TECH CORP., for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff JONPAUL MARCEL NADEAU ("Nadeau") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. §106, copy, reproduce, publicly display, distribute, and otherwise exploit Nadeau's original copyrighted Work of authorship.

2. Nadeau is the owner and principal photographer of Aremac Photography, located in South Florida. Nadeau specializes in high quality interior and exterior photography, aerial footage, short HD films, and floor plans. He provides a detailed and customized finished product

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

to every client. Nadeau has over 7 years experience working in the industry, and working alongside his mentor, he now expands his horizons to 3D tours and film.

3.    Upon information and belief, Defendant GIRI DEVANUR ("Devanur") is an author, founder and executive chairman at ReAlpha Tech Corp.   At all times relevant herein, Devanur owned and operated the LinkedIn account located at the URL https://www.linkedin.com/in/giridevanur/ (the "LinkedIn page").

4.    Defendant REALPHA TECH CORP. ("reAlpha") is a real estate technology company that uses AI-driven tools and digital platforms to facilitate property investment, management, and short-term rental optimization. Upon information and belief, and at all times relevant herein, Devanur exercised ownership, control, and direction over the company's operations and content strategy. At all times relevant herein, reAlpha operates at the website located at the URL https://www.realpha.com/. Upon information and belief, the LinkedIn post was created and disseminated for the purpose of promoting reAlpha's business and services. The infringing content furthered reAlpha's commercial interests and was created within the scope of Defendants' marketing efforts.

5.    Defendant REVENUE FLOW LLC ("RF") is a business entity organized under the laws of the State of New York. Upon information and belief, Revenue Flow LLC provides marketing and/or content creation services, including LinkedIn content strategy and posting. Upon further information and belief, Defendants Giri Devanur and ReAlpha retained Revenue Flow LCC, formerly known as ThoughLeadr LLC, to create content on his behalf, including the LinkedIn post at issue in this action.

6.    Upon information and belief, Defendants Devanur and reAlpha outsourced the creation of the LinkedIn content at issue to a third-party content vendor identified during pre-suit

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

communications as "ThoughLeadr LLC." Counsel for Defendant Devanur identified ThoughLeadr LLC and provided Plaintiff with the website associated with that entity. Plaintiff's investigation has not identified any entity registered under the name "ThoughLeadr LLC." Based on the information provided by Defendant's counsel, including the website associated with ThoughLeadr LLC, and Plaintiff's subsequent investigation, Plaintiff believes that Revenue Flow LLC is the entity that performed those services because it provides the same content creation and LinkedIn marketing services attributed to ThoughLeadr LLC.

7. Nadeau alleges that Defendants copied Nadeau's copyrighted Work from the internet in order to advertise, market and promote his business activities. Defendants committed the violations alleged in connection with his business for purposes of advertising and promoting sales to the public in the course and scope of Defendants Devanur and reAlpha business.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in Ohio.

11. Upon information and belief, Defendants purposefully directed their infringing conduct toward this District, including by publishing and disseminating the infringing content via the internet and social media platforms accessible in this District

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Devanur engaged in infringement in this district, Devanur resides in this district, and Devanur is subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## DEFENDANT

13.     Giri Devanur is an individual residing in Dublin, Ohio, and can be served at 6683 Dale Dr Unit H1-12, Dublin, OH 43017.

14.     Revenue Flow LLC is a New York Limited Liability Company, with a principal place of business at 7 Independence Avenue, Orangeburg, NY 10962. Pursuant to New York law, the New York Secretary of State is designated as agent for service of process for Revenue Flow LLC, and may be served at One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231. Upon information and belief, the Secretary of State shall mail a copy of any process to Defendant at its address on file with the Department of State.

15.     ReAlpha Tech Corp. is a Delaware Corporation, registered as a foreign corporation in the state of Ohio, with a principal place of business at 6515 Longshore Loop, Suite 100, Dublin, Ohio 43017, and can be served by serving their Registered Agent Corporation Service Company, at 1160 Dublin Road, Suite 400, Columbus OH 43215.

## THE COPYRIGHTED WORK AT ISSUE

16.     In 2021, Nadeau created the photograph entitled "DJI_0965," which is shown below and referred to herein as the "Work."

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



17.    Nadeau registered the Work with the Register of Copyrights on March 17, 2022 as part of a group registration.  The Group Registration was assigned registration number VA 2-296-168.  The Certificate of Registration is attached hereto as **Exhibit 1**.

18.    At all relevant times Nadeau was the owner of the copyrighted Work.

### <u>INFRINGEMENT BY DEFENDANTS</u>

19.    Defendants have never been licensed to use the Work for any purpose.

20.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

21.    On or about April 3, 2025, Nadeau discovered the unauthorized use of his Work on the LinkedIn page in an article discussing the Florida housing market.

22.    Defendants published and disseminated the infringing work via online platforms, including LinkedIn, for commercial and promotional purposes.

23.     Defendant Devanur admitted that the content at issue was created, at least in part, by Defendant, Revenue Flow LLC, formerly known as ThoughLeadr LLC.

24.     At all relevant times, Defendant, Revenue Flow LCC, acted as an agent, contractor, and/or representative of Defendants Devanur and/or ReAlpha in connection with the creation of the infringing content and, upon information and belief, acted within the course and scope of its engagement and under the direction and control of Defendants.

25.     Defendants copied Nadeau's copyrighted Work without Nadeau's permission.

26.     After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its regular business activities.

27.     Defendants copied and distributed Nadeau's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

28.     Upon information and belief, Defendants Devanur and ReAlpha authorized, directed, approved, ratified, or accepted the publication of the infringing LinkedIn post and received the commercial benefit of its publication

29.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

30.     Nadeau never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

31.     Nadeau notified Defendants of the allegations set forth herein on April 17, 2025. To date, the parties have failed to resolve this matter.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Nadeau incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Nadeau owns a valid copyright in the Work.

34. Nadeau registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Defendants copied, reproduced, publicly displayed, distributed, and created derivative works of the Work without Plaintiff's authorization in violation of 17 U.S.C. §§ 106 and 501.

36. Each Defendant participated in, directed, authorized, ratified, or materially contributed to the infringing conduct alleged herein.

37. Defendants committed the foregoing acts in connection with their commercial activities and for the purpose of advertising, promoting, and marketing their businesses.

38.

39. Defendants performed the acts alleged in the course and scope of its business activities.

40. Defendants' acts were willful.

41. Nadeau has been damaged.

42. The harm caused to Nadeau has been irreparable.

WHEREFORE, the Plaintiff JONPAUL MARCEL NADEAU prays for judgment against Defendants, GIRI DEVANUR, REVENUE FLOW LLC, and REALPHA TECH CORP., that:

a.      Defendants and his officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendants be required to pay Nadeau his actual damages and Defendant's profits attributable to the infringement, or, at Nadeau's election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Nadeau be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Nadeau be awarded pre- and post-judgment interest; and

e.      Nadeau be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Nadeau hereby demands a trial by jury of all issues so triable.

Dated: July 1, 2026                                    Respectfully submitted,


**GUGLIOTTA & GUGLIOTTA LPA**

*/s/ John D. Gugliotta*
JOHN D. GUGLIOTTA, ESQ. (006209)
3020 W. Market Street
Fairlawn, OH 44333
P (330) 253-2225
F (330) 253-6658
Email: johng@inventorshelp.com

and

**SRIPLAW, P. A.**

SANJE V. LARA
Florida Bar Number: 1031680
sanje.lara@sriplaw.com
*Counsel for Plaintiff JonPaul Marcel Nadeau*

8

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS